**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAY PONHUATA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-74392<br><br>Agency No. A070-088-705<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2009[**]
Withdrawn from Submission July 24, 2009
Resubmitted December 14, 2009
Las Vegas, Nevada

Before: GOULD and RAWLINSON, Circuit Judges, and BEISTLINE, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ralph R. Beistline, United States District Judge for the
District of Alaska, sitting by designation.

Petitioner, Jiazhong Dong, a.k.a. Tay Ponhuata ("Dong"), a native and citizen of China, petitions for review of an order by the Board of Immigration Appeals (BIA) denying his motion to reopen to file a successive asylum application. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and we deny the petition.

First, the BIA did not abuse its discretion by rejecting as time barred Dong's motion, filed more than ninety days after the agency entered a final administrative order, because Dong did not establish a material change in country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii) (requiring that a petitioner show a change in country conditions to avoid the ninety-day time bar); *see also Chen v. Mukasey*, 524 F.3d 1028, 1030 (9th Cir. 2008) (same). The BIA explicitly addressed all documentary evidence submitted by Dong, and was within its discretion in concluding that the evidence was insufficient to establish a material change in enforcement of China's one-child policy against similarly situated individuals. *See Lin v. Holder*, --- F.3d ----, No. 08-71227, 2009 WL 4360802, at *7 (9th Cir. Dec. 3, 2009).

Second, Dong's argument that he is entitled to file a free-standing asylum application pursuant to 8 U.S.C. § 1158(a)(2)(D) is foreclosed by our precedent. *See Chen*, 524 F.3d at 1032 (holding the BIA's determination that an asylum

application by an alien subject to a final order of removal can be made only in connection with a motion to reopen under § 1229a(c)(7) is "reasonable, and we defer to it").

Finally, the BIA did not abuse its discretion in denying Dong's motion to reopen for protection under the Convention Against Torture, given that Dong did not meet his threshold burden to establish materially changed conditions in China.

PETITION DENIED.